UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS A. CABALLERO,

    Plaintiff,

                                CASE NO.:

vs.

LANTERN MOTORS, INC.; a Florida
profit corporation, LEO DIBIASI,
Individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, LUIS A. CABALLERO ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, LANTERN MOTORS, INC, a Florida Profit Corporation, and LEO DIBIASI, Individually ("Defendants)" and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Lee County, Florida. Plaintiff has recently relocated to Philadelphia County, Pennsylvania.

1

4. At all times material to this action, Defendant LANTERN MOTORS, INC. was, and continues to be, a Florida Profit Corporation, and continues to be engaged in business in Florida, doing business in Lee County.

5. At all times material to this action, Defendant LEO DIBIASI was an individual resident of the State of Florida, who owned and/or operated LANTERN MOTORS, INC. and who regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of LANTERN MOTORS, INC.

6. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

8. At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

9. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

10. At all times material to this action, LANTERN MOTORS, INC. was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant LANTERN MOTORS, INC. was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material to this action, Defendants had two (2) or more

employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as automobiles.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

14. In 2010, Defendants hired Plaintiff to work as a non-exempt hourly-paid employee for Defendants' automotive company. Plaintiff was hired to do some work on the cars in the shop, as well as to provide security services.

15. Plaintiff's job duties included, but were not limited to, performing security services, and car detailing.

16. As part of his employment, Plaintiff was required to live at Defendants' premises in order to provide security services.

17. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

18. From 2010 and continuing through 2013, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

19. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

20. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

21. Defendants have violated Title 29 U.S.C. §207 from at least 2010 and

continuing through 2013, in that:

  A. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

  B. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

  C. Defendants have failed to maintain proper time records as mandated by the FLSA.

22. Upon information and belief, Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

23. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

24. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff re-alleges paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. From 2010 and continuing through 2013, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

27. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

28. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

29. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

30. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this ___ day of _____, 2014.

                                              Respectfully submitted,

                                              _____
                                              Angeli Murthy, Esquire
                                              FL Bar No.: 088758
                                              MORGAN & MORGAN, P.A.
                                              600 N. Pine Island Road
                                              Suite 400
                                              Plantation, FL 33324
                                              Tel: 954-318-0268
                                              Fax: 954-327-3016
                                              E-mail: Amurthy@forthepeople.com

                                              *Trial Counsel for Plaintiff*