UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS A. CABALLERO,

           Plaintiff,

v.                                 Case No:  2:14-cv-641-FtM-38DNF

LANTERN MOTORS, INC. and LEO
DIBIASI,

           Defendants.

_____/

## ORDER[1]

      This matter comes before the Court on Plaintiff Luis A. Caballero's Motion to Strike Defendants' Affirmative Defenses, filed on April 28, 2015. (Doc. #37). Defendants Lantern Motors, Inc. and Leo Dibiasi filed no response and the time to do so has now expired. This matter is ripe for review.

## I.    Background

      On March 20, 2015, Plaintiff Luis A. Caballero filed an Amended Complaint seeking recovery of minimum wage and overtime compensation under the Fair Labor Standards Act (FLSA) against Defendants Lantern Motors, Inc. and Leo Dibiasi. (Doc. #25). On April 2, 2015, Defendants filed an Answer to Caballero's Amended Complaint that alleged 12 affirmative defenses. (Doc. #29). On April 28, 2015, Caballero filed a Motion to Strike Defendants' Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Caballero contends Defendants' Second, Third, and Fourth Affirmative Defenses are unavailable under the FLSA. Also, Caballero contends Defendants' Fifth Affirmative Defense contains scandalous and impertinent matter that unduly prejudices him. Finally, Caballero contends Defendants' Sixth Affirmative Defense is not specific enough.

## II.   Analysis

Affirmative defenses included in an answer are a pleading which must provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleader must, however, plead enough facts to state a plausible basis for the claim. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-66 (2007). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). If an affirmative defense "comprises no more than 'bare bones conclusory allegations, it must be stricken.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (citation omitted).

### A. Defendants' Second Affirmative Defense is unclean hands. (Doc. #29, at ¶ 55).

When asserting the defense of unclean hands, a defendant

[f]irst, … must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct.

Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 450-51 (11th Cir. 1993) (citing

Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 245 (1933); Mitchell Bros. Film

Group v. Cinema Adult Theater, 604 F.2d 852, 863 (5th Cir. 1979)).[2] Merely asserting "'Plaintiff's claims are barred in whole or in part by virtue of their own unclean hands' sets forth no facts and is insufficiently plead." Groves v. Patricia J. Dury, M.D., P.A., Case No. 2:06-cv-338-FtM-99SPC, 2006 WL 2556944, at *2 (M.D. Fla. Sept. 1, 2006) (Steele, J.).

Caballero contends the unclean hands defense is unavailable as an affirmative defense because a private lawsuit for minimum wages and overtime compensation pursuant to the FLSA serves an important public purpose. This Court rejects this argument for the reasons stated in McGlothan v. WalMart Stores, Inc., Case No. 6:06-cv-94-Orl-28JGG, 2006 WL 1679592, at *2-3 (M.D. Fla. June 14, 2006) (holding the general purpose of the unclean hands defense is to prevent the plaintiff from wrongfully profiting from misconduct).

According to the Answer, Defendants plead the unclean hands defense because Caballero did not have a license to perform security services. Caballero argues his possession of a license should not affect his entitlement to be paid for work he performed. This Court finds that even if Caballero's non-possession of a license was relevant and directly related to the claim asserted in Caballero's Amended Complaint, Defendants failed to show how they were personally injured by Caballero's conduct. See Calloway, 986 F.2d at 450-51. For this reason, the Court strikes Defendants' Second Affirmative Defense but grants Defendants leave to amend the Second Affirmative Defense.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**B. Defendants' Third Affirmative Defense is equitable estoppel. (Doc. #29, at ¶ 56).**

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases." Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc., 467 U.S. 51, 59 (1984). This Court has found that estoppel is an available affirmative defense "where the employee affirmatively misleads the employer." McGlothan, 2006 WL 1679592, at *2 (citing Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972)).

Defendants plead the equitable estoppel defense because Defendants did not know Caballero did not have a license to perform security services. Caballero argues employee's rights under the FLSA are not subject to the defense of estoppel. This Court finds Defendants properly allege equitable estoppel on the basis of a misleading action by Caballero. For this reason, the Court will not strike Defendants' Third Affirmative Defense.

**C. Defendants' Fourth Affirmative Defense is waiver. (Doc. #29, at ¶ 57).**

This Court has held the FLSA provisions "are mandatory, and are not subject to negotiation, or bargaining between employers and employees, and are not subject to waiver." Groves, 2006 WL 2556944, at *1 (citing Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Congress did not intend that an employee should be allowed to waive his right to liquidated damages." Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945).

Defendants plead the waiver defense because Defendants did not know Caballero did not have a license to perform security services. Caballero argues employee's rights under the FLSA are not subject to the defense of waiver. This Court finds Defendants allege no facts that would take this case outside the general rule that FLSA provisions

are not subject to waiver. See Groves, 2006 WL 2556944, at *1. For this reason, the Court strikes Defendants' Fourth Affirmative Defense.

### D. Defendants' Fifth Affirmative Defense is lack of standing. (Doc. #29, at ¶ 58).

District courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court "will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995). Courts generally disfavor a motion to strike and consider it a "drastic remedy." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)).

Defendants plead Caballero was never an employee and consequently lacks standing to bring this action. Caballero does not argue this defense. Rather, Caballero requests to strike the phrase "homeless, indigent, undocumented alien" from Defendants' Fifth Affirmative Defense because Caballero contends the phrase contains scandalous and impertinent matter. Upon review, this Court finds whether Caballero was a "homeless, indigent, undocumented alien" is a question of fact at issue in this litigation. As such, the Court cannot soundly grant Caballero's Motion to Strike. See Ottesen v. St. Johns Mgmt. Dist., Case No. 6:14-cv-1320-Orl-31TBS, 2015 WL 2095473, at *3 (M.D. Fla. May 5, 2015). For this reason, the Court will not strike Defendants' Fifth Affirmative Defense.

**E. Defendants' Sixth Affirmative Defense is barred claims. (Doc. #29, at ¶ 59).**

Under the FLSA, a claim of exemption "is an affirmative defense that, pursuant to Fed. R. Civ. P. 8(c), must be specifically pleaded or it will be deemed waived." Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing Schwind v. EW & Assocs., Inc., 357 F. Supp. 2d 691, 697-98 (S.D.N.Y. 2005)).

Defendants plead the defense that Caballero's claims are barred in whole and in part by the exemptions, exclusions, exceptions, and credits provided by the FLSA under 29 U.S.C. § 207. Caballero contends Defendants should plead this defense with sufficient specificity. This Court finds Defendants fail to identify the specific exemptions, exclusions, exceptions, and/or credits provided by the FLSA under 29 U.S.C. § 207. For this reason, the Court strikes Defendants' Sixth Affirmative Defense but grants Defendants leave to amend the Sixth Affirmative Defense.

Accordingly, it is now

**ORDERED:**

Caballero's Motion to Strike Defendants' Affirmative Defenses (Doc. #37) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Second Affirmative Defense of unclean hands is **stricken with leave to amend;**

2. The Third Affirmative Defense of equitable estoppel is **denied;**

3. The Fourth Affirmative Defense of waiver is **stricken;**

4. The Fifth Affirmative Defense of lack of standing is **denied**;

5. The Sixth Affirmative Defense of exemption is **stricken with leave to amend.**

**6.** Defendants have until **June 10, 2015**, to amend the Second and Sixth Affirmative Defenses.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of May, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record