UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS A. CABALLERO,

     Plaintiff,

v.                                    Case No:   2:14-cv-641-FtM-38MRM

LANTERN MOTORS, INC. and LEO
DIBIASI,

     Defendants.

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal With Prejudice (Doc. 43), and Settlement Agreement and Mutual Full and Final Release of Claims (Doc. 43-1) filed on December 9, 2015.   Plaintiff Luis A. Caballero and Defendants Lantern Motors, Inc. and Leo Dibiasi are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-3.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.   *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and

determination that the settlement is fair and reasonable.   *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff alleges that he worked for Defendants and performed car detailing services. Originally, Plaintiff claimed $6,707.50 for unpaid minimum and overtime wages if a two-year statute of limitation applied, and $12,828.72 if a three-year statute of limitations applied. Defendants dispute the number of hours that Plaintiff claims he worked, and maintain that he was fully compensated for all hours worked for Defendants.   Further, a bona fide dispute exists between the parties as to whether Plaintiff was an employee of Defendants.

The total amount of the settlement is $20,000 inclusive of attorney's fees and costs. Plaintiff will receive $10,000 for wages, liquidated damages, and in consideration of a general release.   The Court reviewed the Settlement Agreement and Mutual Full and Final Release of Claims (Doc. 43-1) and determines that the terms of the Settlement Agreement and Mutual Full and Final Release of Claims (Doc. 43-1) are reasonable as to wages, liquidated damages, and the release of claims.

Defendants agree to pay $10,000 in attorney's fees and costs.   The amount of attorney's fees was agreed upon separately, and did not compromise the amount of Plaintiff's recovery. (Doc. 43 at 2,5).   As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."   In *Bonetti*, Judge Presnell concluded that

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.   In the instant case, a settlement was reached, and the attorney's fees were agreed upon without compromising the amount paid to Plaintiff.   The Settlement Agreement and Mutual Full and Final Release of Claims (Doc. 43-1) appears reasonable on its face.

**IT IS RESPECTFULLY RECOMMENDED:**

1) That the Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal With Prejudice (Doc. 43) be **GRANTED**, and the Settlement Agreement and Mutual Full and Final Release of Claims (Doc. 43-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and

Recommendation, that the Clerk be directed to dismiss this action with prejudice,

terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 11, 2015.


MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties


**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.